IFOPO of Fagatogo, Plaintiff

v.

VAIAO & VAIINUPO of Fagatogo, Defendants

No. 84-1948

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Paepaetele" in Fagatogo]

June 10, 1949

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

DECISION

Heard at Fagatogo December 27, 1948.
Ifopo, *pro se;* Vaiinupo, *pro se* and Vaiao.

MORROW, *Chief Justice.*

Vaiao and Vaiinupo (hereinafter referred to as the "claimants") offered certain land, named Paepaetele, in Fagatogo for registration as their individually owned property. The offer to register was accompanied by a survey of the tract. An objection to the proposed registration was filed by Ifopo under the claim that the tract was the communal family land of the Ifopo clan. Hence this litigation. See Sec. 905 of the Code of American Samoa. Prior to the hearing the court viewed the land in the presence of both parties.

It was admitted by the parties that prior to December 30, 1937 the land Paepaetele was the communal property of the Ifopo clan. Claimants, who are brothers, claimed that on December 30, 1937 Ifopo and Gatiso (respectively the matai and former matai of the clan) conveyed the land to their parents who later went to live in Upolu and who, prior to their departure from Tutuila, transferred to them whatever rights the parents had in the land, together with any other rights they had growing out of the transaction which resulted in the conveyance to the parents.

The testimony, particularly that of Tofatu, showed that Ifopo as the matai did not have the consent of the family to make the conveyance to the parents of the claimants. Under these circumstances the conveyance was void. In *Atofau v. Tuufuli,* No. 94-1948 (Am. Samoa) we said "Furthermore the matai of a Samoan family is not author-

473

ized either by law or Samoan custom to give away family land to a person not a member of his family. . . . The beneficial interest in the lands belongs to the clan, not the matai, except insofar as he may be a member of the clan. As such matai he cannot give away family land to an outsider and the attempted gift by Atofau Noaese was void." In American Samoa, a matai in control of family lands cannot sell them without the consent of the family. This is common knowledge.

The evidence showed that sometime prior to the aforementioned conveyance Ifopo had tried to sell this same land to one Faumausili without the consent of the family and that Faumausili had paid him $61.00 as part of the purchase price. When the family learned of the attempted sale without their knowledge or consent they raised so much objection that Ifopo and Faumausili rescinded the contract to sell. Ifopo, however, in the meantime had spent the $61.00 and was not able to return it to Faumausili. The parents of the claimants who were then living on the land as pastors in accordance with Samoan custom gave $61.00 to Ifopo who in turn paid it to Faumausili, and Ifopo together with Gatiso (a former Ifopo) made in return therefor the conveyance of Dec. 30, 1937 upon which claimants must rely to establish their title. Since we hold that the conveyance of Dec. 30, 1937 to the parents of the claimants was void, it follows that the transfer of the land by the parents to the claimants did not convey any property in the land to the claimants.

Claimants have lived on the land since about 1931 when it was assigned by the Ifopo to their parents as pastors in accordance with Samoan customs. They have rendered service to the Ifopo title while living on the land. Ifopo and members of his family considered that claimants were members of the Ifopo clan, not having been born into it but having been taken into it by the clan pursuant to Samoan

custom. We believe from the evidence that they rendered service to the Ifopo title upon the understanding that they had become members of the clan.

This case is on the equity side of the court's jurisdiction. It is a familiar maxim of equity that "he who seeks equity must do equity." 30 C.J.S. 456; 19 Am.Jur. 319.

█ The application of the above equitable maxim requires that the $61.00 received by Ifopo from the claimants' parents be refunded. The land cannot be registered as the property of claimants because their parents did not have any title to transfer to them. It can be registered as the property of the Ifopo title and will be upon Ifopo's paying $61.00 to claimants. Under Samoan customs this money will be provided by the Ifopo clan. The claimants have the right to receive the $61.00 since the court finds that their parents transferred to them whatever rights they (the parents) had growing out of the transaction culminating in the attempted conveyance of Dec. 30, 1937.

█ Since Vaiao and Vaiinupo have rendered service to the Ifopo title and are considered as members of that clan and since Ifopo as the evidence shows has considered that this land has been assigned to them for their use as members of the family in accordance with Samoan customs, it follows that they have the right to continue to occupy and use the land in accordance with such customs. At the hearing Ifopo stated that if the land should be decreed to be the property of his title he would not interfere with the continued possession and use of it by the claimants.

█ Sec. 905A of the American Samoan Code provides that "When land is offered for registration, the offer shall be accompanied by a survey of the land proposed to be registered. The point of departure in such survey shall be either (a) tied in with an established naval co-ordinate or (b) be a concrete monument procured from or poured in

place by the Public Works Department for that purpose and set at least 3 feet in the ground at a corner of the land." The survey accompanying the offer to register the land Paepaetele met neither of these alternative requirements with respect to the point of departure. Until it does the land cannot be registered. See *Leatutufu v. Iuli*, No. 62-1948 (Am. Samoa).

Upon the survey being tied in with a naval co-ordinate with an appropriate indication thereof by the surveyor on the filed plat or upon satisfactory evidence being filed with the court of the installation of a concrete monument complying with alternative requirement (b) in Sec. 905A of the Code and subject to the further conditions that Ifopo pay Vaiao and Vaiinupo $61.00, and file their receipt therefor with the Clerk of the High Court, the Court will order that the land Paepaetele, as shown on the survey, be registered as the communal land of Ifopo in his capacity as the matai of the Ifopo family.

Since claimants paid for the survey of the land and the benefit thereof will inure to the Ifopo when the land is registered it is equitable and just that he bear the costs in this court. Accordingly, costs in the sum of $12.50 are hereby assessed against Ifopo, the same to be paid within 30 days.

---

In accordance with the above decision of the High Court in the case of the title to the land Paepaetele, the surveyor having filed with the High Court satisfactory evidence showing the installation of two concrete monuments on said land and Ifopo having filed a receipt from Vaiinupo for the sum of sixty-one dollars ($61.00), it is accordingly ORDERED, ADJUDGED and DECREED that the land Paepaetele in Fagatogo be registered in the name of Ifopo as the matai of the Ifopo family.